UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN A. THOMAS (#177753)

VERSUS                                              CIVIL ACTION

WILLIE WEBB, ET AL                                  NUMBER 06-187-JVP-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, August 30, 2007.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN A. THOMAS (#177753)

VERSUS                                              CIVIL ACTION

WILLIE WEBB, ET AL                                  NUMBER 06-187-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the plaintiff's Motion/Request for Re-Instatement (To Be Allowed to Proceed With Action Case). Record document number 14.

Pro se plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against James Webb, Stevie Bernard, Ron White, L. Stroud, Monica Saizan, W. Lemoine, James Doucet, Dr. Sing, and Samuel Smith. Plaintiff alleged that he was threatened, physically assaulted, issued false disciplinary reports, denied due process during disciplinary board proceedings, subjected to unconstitutional conditions of confinement, retaliated against for filing an administrative grievance, was denied adequate medical treatment, canteen privileges, legal access and legal supplies, and suffered "religious denials," all in violation of his constitutional rights.

This case was dismissed because the plaintiff failed to exhaust his available administrative remedies, except for the

plaintiff's claims that Webb verbally threatened to harm him, interfered with his access to inmate ministers, and denied him access to inmate counsel substitutes.  Plaintiff's claims against Webb were dismissed because those claims had no arguable basis in fact or in law and the allegations failed to state a claim upon which relief could be granted.  The ruling of the court was issued May 31, 2006 and the judgment was entered August 7, 2006.[1]  Plaintiff did not appeal.

Plaintiff now seeks reinstatement of the case so he can proceed with his now-exhausted claims.  Since the motion was filed more than 10 days after the entry of judgment, it will be considered as a motion for relief from judgment under Rule 60(b), Fed.R.Civ.P.

Plaintiff has not shown that any of the enumerated grounds for relief from the judgment in Rule 60 are applicable, and no other reason justifying relief from the judgment is apparent.  As was explained previously in the magistrate judge's report,[2] 42 U.S.C. § 1997e clearly requires a state prisoner to exhaust available administrative remedies *before* filing a § 1983 suit and precludes him from filing suit while the administrative complaint is pending.  *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998); *Wendell v.*

---

[1] Record document number 12, ruling; record document number 13, judgment.  See also, record document number 10, magistrate judge's report.

[2] Record document number 10.

*Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999); *Henderson v. Louisiana Department of Corrections*, 2003 WL 22426660 (5th Cir. 2003). Exhaustion of administrative remedies may permit him to now proceed with his claims in a new civil action,[3] but that does not call into question the correctness of the prior ruling or the judgment.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's Motion/Request for Re-Instatement (To Be Allowed to Proceed With Action Case) be considered as a motion for relief from judgment pursuant to Rule 60(b), and denied.

Baton Rouge, Louisiana, August 30, 2007.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff could not proceed against defendant Webb since the claims against him were not dismissed for failure to exhaust administrative remedies.